IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**July 1, 2024**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JAMES F. MARTIN,**
**Claimant Below, Petitioner**

**v.) No. 24-ICA-27** (JCN: 2016002953)

**EASTERN ASSOCIATED COAL, LLC,**
**Employer Below, Respondent**

**and**

**WEST VIRGINIA OFFICES OF THE INSURANCE COMMISSIONER IN ITS OFFICIAL CAPACITY AS THE ADMINISTRATOR OF THE OLD FUND,**
**Respondent**


**MEMORANDUM DECISION**

Petitioner James F. Martin appeals the December 19, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent West Virginia Offices of the Insurance Commissioner in its official capacity as the administrator of The Old Fund ("Old Fund") filed a response.[1] Mr. Martin did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied Mr. Martin's application for permanent total disability ("PTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 21, 1996, Mr. Martin suffered a compensable fracture of his left fibula and sustained an injury to his thoracic and lumbar spine when he was lifting a large tire. Mr. Martin was evaluated by Prasadarao Mukkamala, M.D., on June 24, 1997. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Dr. Mukkamala found 8% whole person impairment ("WPI") related

---

[1] Mr. Martin is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. Old Fund is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq. Eastern Associated Coal, LLC did not appear.

1

to the compensable injury. The claim administrator issued an order dated September 3, 1997, granting Mr. Martin an 8% permanent partial disability ("PPD") award based upon Dr. Mukkamala's report.

Mr. Martin was evaluated by A. James Paine, Jr., M.D., for occupational hearing loss on November 3, 2015. Dr. Paine diagnosed Mr. Martin with bilateral sensorineural hearing loss attributable to industrial noise exposure. Dr. Paine opined that Mr. Martin had a WPI of 6.5% due to work-related noise exposure. In Occupational Pneumoconiosis Board ("OP Board") Findings dated November 12, 2015, the OP Board found sufficient evidence to justify a diagnosis of OP with 15% pulmonary impairment attributable to the disease. The claim administrator issued an order dated December 22, 2015, granting Mr. Martin a 6.5% PPD award based upon Dr. Paine's report. On January 26, 2016, the claim administrator issued an order granting Mr. Martin a 15% PPD award based upon the OP Board's findings.

On August 23, 2016, Mr. Martin was evaluated by Joseph E. Grady, II, M.D., for an occupational injury that occurred on July 27, 2015. Dr. Grady assessed thoracic sprain superimposed on multilevel thoracic spondylosis, lumbosacral sprain superimposed on diffuse lumbosacral spondylosis with spondylolisthesis and spondylolysis, and resolved contusions and abrasions. Using the *Guides* and Code of State Rules § 85-20 ("Rule 20"), Dr. Grady opined that Mr. Martin had 8% WPI related to the thoracic injury and 5% WPI related to the lumbar injury. Dr. Grady opined that Mr. Martin had a total combined WPI of 13% due to the compensable injury. The claim administrator issued an order dated September 6, 2016, granting Mr. Martin a 13% PPD award based upon the report of Dr. Grady's report.

The OP Board issued findings dated May 3, 2018. The OP Board found sufficient evidence to justify a diagnosis of OP with 30% pulmonary functional impairment attributable to the disease representing an additional 15% pulmonary functional impairment above that previously found. The claim administrator issued an order dated July 12, 2018, which granted Mr. Martin an additional PPD award of 15% based upon the OP Board's findings.

On October 28, 2020, Dr. Grady reevaluated Mr. Martin. Dr. Grady assessed resolved contusion of back wall of thorax with thoracic sprain superimposed upon multilevel degenerative changes, status post lumbar fusion at L4-L5 and L5-S1, and resolved lumbar sprain. Based upon the *Guides* and Rule 20, Dr. Grady opined that Mr. Martin had a 5% WPI of the thoracic spine and a 23% WPI of the lumbar spine. Dr. Grady apportioned 2% of the thoracic impairment to preexisting degenerative changes leaving a 3% WPI due to the compensable thoracic injury. Dr. Grady opined that Mr. Martin had a total combined WPI of 25% due to the compensable injury. On November 6, 2020, the claim administrator issued an order granting Mr. Martin an additional 12% PPD award based upon Dr. Grady's report.

Mr. Martin submitted his Application for Permanent Total Disability Benefits dated January 11, 2021, indicating that he has been granted over 50% in PPD awards. Mr. Martin was again evaluated by Dr. Grady on March 9, 2021. Dr. Grady assessed status post lumbar fusion at L4-L5 and L5-S1, a reported history of multilevel degenerative changes throughout the thoracic and lumbar spine, and status post left lower leg fracture with some residual soft tissue abnormality with likely fascial defect. Dr. Grady deferred the assessment of Mr. Martin's hearing loss and OP to the appropriate specialists. Using the *Guides* and Rule 20, Dr. Grady found that Mr. Martin had a 20% WPI of the lumbar spine, no WPI of the thoracic spine, and no WPI of the left lower extremity. Dr. Grady opined that Mr. Martin had a total WPI of 20% related to his compensable injuries.

On September 12, 2022, the PTD Review Board issued Initial Recommendations. Based upon the reports of Dr. Grady dated March 9, 2021, Dr. Paine dated November 3, 2015, and the OP Board Findings dated May 3, 2018, the PTD Review Board concluded that Mr. Martin had a 30% WPI for OP; 20% WPI of the lumbar spine; and a 6.5% WPI for hearing loss. The Board found a total WPI of 48% and concluded that Mr. Martin did not meet the required level of WPI for further PTD consideration. The PTD Review Board issued Final Recommendations dated November 7, 2022. The Board reiterated the findings in their Initial Recommendations and again found a total WPI of 48% and concluded that Mr. Martin did not meet the required level of WPI for further PTD consideration.

Mr. Martin was evaluated by Bruce A. Guberman, M.D., on January 20, 2023. Dr. Guberman assessed a history of crush injury to the left leg below the knee with a comminuted fracture of the left fibula and soft tissue injury resulting in an enlargement of the left calf when compared to the right with protuberance of muscle; chronic post-traumatic strain of the lumbosacral spine; status post anterior and posterior fusion from L4 to S1; history of OP with prior 30% impairment; and history of occupational hearing loss with prior 6.5% impairment. Using the *Guides* and Rule 20, Dr. Guberman opined that Mr. Martin had 5% WPI for loss of range of motion of the left ankle and hindfoot and 23% WPI of the lumbar spine. Dr. Guberman opined that Mr. Martin had a total combined WPI of 53% as a result of his compensable injuries, OP, and hearing loss claims.

On July 13, 2023, Mr. Martin was reevaluated by Dr. Mukkamala. Dr. Mukkamala assessed a history of OP; a history of hearing loss; laceration of the left leg sutured and healed; fracture of the left fibula, treated conservatively and healed leaving no residual sequelae; lumbar sprain associated with degenerative lumbar spondyloarthropathy; and lumbar fusion at two levels. Dr. Mukkamala found normal range of motion of the left lower extremity. Based upon the *Guides* and Rule 20, Dr. Mukkamala opined that Mr. Martin had no WPI of the left leg due to the compensable injury, no WPI of the thoracic spine, and a 20% WPI of the lumbar spine related to his compensable injures. Dr. Mukkamala opined that Mr. Martin had a total combined WPI of 47.5% as a result of his compensable injuries, OP, and hearing loss claims.

By order dated December 19, 2023, the Board affirmed the claim administrator's order. The Board found that Mr. Martin failed to establish that he was entitled to more than the 17% PPD he has been awarded. Mr. Martin now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Mr. Martin argues that Dr. Guberman's report is supported by the similar range of motion findings in Dr. Mukkamala's report dated June 24, 1997, and the medical records indicating that he continues to have a deformity in his left lower extremity and requires a cane to walk. Mr. Martin further argues that Dr. Grady indicated that he did have some diminished range of motion of the left lower extremity as compared to the right, yet incorrectly gave a 0% rating for range of motion impairment. Finally, Mr. Martin argues that Dr. Guberman described his symptoms and measurements regarding his left lower extremity in detail while the other evaluators failed to provide adequate detail. We disagree.

West Virginia Code § 23-4-6(n)(1) (2005) provides, in part:

> in order to be eligible to apply for an award of permanent total disability benefits for all injuries incurred and all diseases, including occupational pneumoconiosis, regardless of the date of last exposure . . . . a claimant: (A) Must have been awarded the sum of fifty percent in prior permanent partial disability awards; (B) must have suffered a single occupational injury or disease which results in a finding by the commission that the claimant has suffered a medical impairment of fifty percent; or (C) has sustained a thirty-five percent statutory disability pursuant to the provisions of subdivision (f) of this section. Upon filing an application, the claim will be reevaluated by the examining board . . . . to determine if the claimant has suffered a whole-

4

body medical impairment of fifty percent or more resulting from either a single occupational injury or occupational disease or a combination of occupational injuries and occupational diseases.

Here, the Board determined that there is no reliable medical opinion on record establishing that Mr. Martin has sustained WPI of 50% or more from his compensable injuries as required by West Virginia Code § 23-4-6(n)(1). The Board noted that neither Dr. Grady nor Dr. Mukkamala found impairment for left lower extremity range of motion. The Board further found that Dr. Guberman's report was not reliable because his range of motion deficit findings for the left ankle were an outlier and not supported by the evidence of record. Ultimately, the Board found that Mr. Martin failed to establish that he was entitled to PTD benefits.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Martin failed to establish with medical evidence that has sustained WPI of 50% or more from his compensable injuries. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order denying Mr. Martin's application for PTD benefits.

Accordingly, we affirm the Board's December 19, 2023, order.

Affirmed.

**ISSUED:** July 1, 2024

**CONCURRED IN BY:**

Judge Charles O. Lorensen
Judge Daniel W. Greear


Chief Judge Thomas E. Scarr, not participating